**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| VICTORIA L. PETERSON, | * | |
| ADC # 707743 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 1:13CV00096-JJV |
| | * | |
| M. RICHARDSON; *et al.* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

### I.    INTRODUCTION

Plaintiff, Victoria L. Peterson, brought this action alleging that Defendants Michael Richardson,[1] Nazural Faust, Linda Dixon, and Lynda Dykes ("Defendants")[2] failed to protect her from other inmates who threatened her with violence. (Doc. No. 2.)  Plaintiff also alleges that Defendant Richardson retaliated against her for filing a grievance related to her failure to protect claims.  (*Id.*)  Now, Defendants have filed a Motion for Summary Judgment (Doc. No. 23) seeking dismissal of all claims against them. Plaintiff has not submitted a response within the deadline and the matter is ripe for disposition.[3]

---

[1]The Court notes that the docket currently lists Defendant Richardson's first name as "M." The Clerk of Court shall alter the docket to reflect his full first name.

[2]From the content of her Complaint, Plaintiff appears to make allegations against several other correctional officers who were not listed as Defendants to this action. These include Lieutenant Ming, Captain Arnold, Sergeant Cox, and Corporal Pruitt. (Doc. No. 2 at 4, 7). Plaintiff did not, at any point in this litigation, petition to add these individuals as Defendants. Accordingly, the Court will not consider any claims alleged against them.

[3]Plaintiff asked for an extension of ninety days on December 12, 2014. (Doc. No. 26). The Court denied that Motion, but afforded her an additional twenty-one days to submit a response to the current Motion. (Doc. No. 27). Plaintiff failed to submit a response within the twenty-one day extension.

## II.     BACKGROUND

Plaintiff alleges that on June 23, 2013, while incarcerated at the Arkansas Department of Correction ("ADC") McPherson Unit, she was transferred from Housing Unit I to Barracks Thirteen. (Doc. No. 2 at 4.)  She claims that upon her arrival, African-American inmates who were part of the "Bloods" gang began threatening to harm her.  (Doc. No. 2 at 4.)  She also claims they subjected her to sexual harassment.  (*Id.*)   Plaintiff reported these threats to Defendants, but alleges they refused her transfer requests until July 23, 2013, when she was transferred to Barracks Nine. (*Id.* at 5).  She claims the threats and verbal abuse from other inmates only intensified after this placement.  (*Id.*) Plaintiff admits in her deposition testimony that she was never physically injured in either Barracks Thirteen or Barracks Nine and the abuses were purely verbal. (Doc. No. 24-1 at 55-56.)

Plaintiff's retaliation claim stems from a disciplinary charge received on August 25, 2013. (*Id.* at 34-36.) On that day, Plaintiff alleges she submitted a grievance against Defendant Richardson which accused him of failing to protect her. (Doc. No. 2 at 8.)  Shortly thereafter, she claims that Defendant Richardson issued her a retaliatory disciplinary and relocated her to segregation. (Doc. No. 24-1 at  35-36.)

For their part, Defendants emphasize that despite her claims of repeated abuse by other inmates, Plaintiff was never involved in a physical altercation during the relevant time period.  (Doc. No. 24 ¶ 8.)  They also state that Defendant Richardson issued Plaintiff a disciplinary, not in retaliation for any filed grievance, but because he determined that she had (1) physically threatened other inmates; (2)  provoked a fight; (3) failed to obey staff orders; and (4) deliberately provided misinformation. (*Id.* ¶¶ 13-15.) Plaintiff was found guilty of assault, provocation, and failure to obey staff orders at the subsequent disciplinary hearing.  (*Id.* ¶¶ 16-18.)

### III.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.    ANALYSIS

Defendants raise several arguments in support of their Motion. They are, in the order they appear, that: (1) Plaintiff's official capacity claims for monetary damages are barred by sovereign immunity; (2) Plaintiff's retaliation claim against Defendant Richardson fails to establish a constitutional violation; (3) no Eighth Amendment claim for failure to protect claim can be established against any Defendant; and (4) qualified immunity bars all individual capacity claims against Defendants. The Court will address each argument in turn.

3

### A.     Official Capacity Claims

It is well established that an official capacity claim for damages against a state official is akin to a claim against the state itself.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Accordingly, a suable "person" under 42 U.S.C. § 1983 does not include a state official sued in their official capacity for damages.  *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).  It is undisputed that Defendants were, at all times relevant to this action, state employees. Plaintiff's official capacity claims for monetary damages are, therefore, barred by sovereign immunity.

### B.     Retaliation Claim

Courts have previously held that "a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). If the disciplinary is supported by 'some evidence', the charge cannot support a retaliatory-discipline claim. *Sanders v. Hobbs*, 2014 U.S. App. LEXIS 22785, at *6 (8th Cir. Dec. 4, 2014).   For the purposes of the 'some evidence' standard, a disciplinary decision affirming the charge against the inmate is sufficient. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994).

Here, Defendant Richardson's disciplinary charges against Plaintiff were confirmed at a subsequent disciplinary hearing.  (Doc. No. 24-3 at 20-21.)  Accordingly, there is 'some evidence' that Plaintiff committed the rules violations she was charged with.  It also bears noting that Plaintiff, by failing to respond to the current Motion, has not offered any specific or corroborating evidence which would support her retaliation claim. The Court therefore finds this claim appropriate for dismissal.

### C.     Failure to Protect Claims

As noted above, Plaintiff alleges that each of the named Defendants failed to protect her from

other inmates' verbal abuse and threats.  To succeed on an unconstitutional failure to protect claim, Plaintiff is required to demonstrate (1) she was incarcerated under conditions posing a substantial risk of serious harm, and (2) that Defendants were deliberately indifferent to that risk.  *Farmer v. Brennan*, 511 U.S. 825, 834 (U.S. 1994).  In other words, Plaintiff must demonstrate that Defendants' alleged failure to protect resulted in the infliction of an objectively serious harm.  *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff admitted that she never suffered any physical injury as a result of the alleged failure to protect.  (Doc. No. 24-1 at 55-56.)  She has also failed to established the infliction of any serious mental injury stemming from the incidents which underlie this action. Absent the required showing of harm, the Court finds that Plaintiff's failure to protect claims should be dismissed.

### D.     Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Based on the preceding analysis, the Court has already determined that the facts as alleged do not support the violation of any constitutional or statutory right. Accordingly, all named Defendants are also entitled to qualified immunity.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      The Clerk of Court shall alter the docket to reflect that Defendant "M. Richardson" is appropriately "Michael Richardson";

2.      Defendants' Motion for Summary Judgment (Doc. No. 23) is GRANTED and Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 8th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).